IN THE UNITED STATES BANKRUPTCY COURT FOR

THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | CHAPTER 13 |
| ROBERT LANCASTER WILLIAMSON, III, | Case No: 2:16-bk-00788 |
| Debtor. | Adversary Case No.: 2:23-bk-00214 |
| ROBERT LANCASTER WILLIAMSON, III, | JUDGMENT |
| Plaintiff. | |
| vs. | |
| COHEN-JOHNSON, LLC., | |
| Defendant. | |

This matter comes before the Court on Plaintiffs Williamson's Application for Entry of Default filed on February 17, 2024. ("Application") [Doc. 7]. Upon submission of Plaintiff's Application, the Clerk entered Default, as Defendant had failed to answer, although duly served with the Summons and Complaint. [Doc. 8). Such filings are incorporated herein by reference for all purposes.

The Court, having reviewed the record in the above action, and considered all matters set forth through Plaintiff's Amended Complaint ("Complaint"), and the record as a whole, makes the following orders and findings:

**IT IS ORDERED** as follows:

1. That the Plaintiff's request for Entry of Default Judgment Against Defendant, Johnson & Cohen, LLC is **GRANTED.**

2. That under FED. R. CIV. P. 55(b), DEFAULT JUDGMENT IS ENTERED in favor of the Plaintiffs, Robert Williamson, III. and Catherine Williamson against Defendant, Cohen-Johnson, LLC, as to all matters pled within Plaintiff's Amended Complaint, duly improperly served upon said Defendant.

3. The Court has taken all factual allegations made through paragraphs 1 through 24 of the Amended Complaint [Doc. 3] as proven and established, such that Judgment is rendered hereby in favor of Plaintiff as to the allegations made. Given such findings of fact and conclusions of law, the Court renders judgment as to the following:

    a. The Deed of Trust, Assignment of Rents and Request for Notice filed in Dallas County, Texas, attempting to present record encumbrance to the real property condominium through Dallas County APN No. 00-00079-989-007-0000, ELECTRONICALLY RECORDED by Plaintiff under recorder no. 201400256418 on 10/07/2014 at 11:45:33 AM is void as a matter of law, and does not present a lawful lien against the subject property described. This Judgment shall serve as muniment of title in that such Deed of Trust Instrument filed by Plaintiff is VOID and REMOVED as any purported encumbrance against said property for the reasons set forth in Plaintiff's Amended Complaint.

    b. The Court further finds that Plaintiff's allegations in his Complaint regarding the absence of his spouse's signature to the purported Quitclaim Deed, which was not recorded, according to Plaintiff's Complaint is void for the reasons alleged in the Amended Complaint. Plaintiff alleged that such Quitclaim Deed was never recorded. Judgment is hereby rendered

that such Quitclaim Deed was ineffective to transfer title for the reasons listed in the Amended Complaint.

4. This Judgment may serve as evidence that the transactions described in the Amended Complaint do not create a lawful Deed or Deed of Trust as against the following real property, and that the documents attached to Plaintiff's Amended Complaint, and incorporated herein by reference, and specifically, the purported Deed of Trust recorded in Dallas County, Texas, referenced as APN No. 00-00079-989-007-0000, ELECTRONICALLY RECORDED by Plaintiff under recorder no. 201400256418 on 10/07/2014 at 11:45:33 AM, have no lawful effect to present any lien or encumbrance against the subject property, identified within the Amended Complaint, as set forth below:

> PRESTON CONTRY CLUB CONDOS BLK A/8219 ACS 11.051 BLDG E UNIT 1129 CE% 0.23354 VOL2004119/10129 DD10272002 CO-DC 8219 00A 00000 3DA8219 00A
>
> APN No. 00-00079-989-007-0000
>
> Commonly known as 5829 Copperwood Lane #1129, Dallas, Texas 75248-3510
> (the "Property")

Such attempted conveyances are ineffective to present any lawful lien or encumbrance against the subject property for the reasons alleged in Plaintiff's Amended Complaint.

SO ORDERED UPON THE DATE AND SIGNATURE AS SET FORTH ABOVE

_____